UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANA HERNANDEZ, | Case No.2:25-CV-412 JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| LEADE YOU LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Lead You LLC and Jose Angel Ortiz Ureno (collectively "defendants")'s motion to dismiss. (ECF No. 5). Plaintiff Ana Hernandez filed a response (ECF No. 14), to which defendants replied (ECF No. 15).

**I.     Background**

This case centers around a labor dispute between plaintiff and defendants. Plaintiff alleges she was employed as a restroom attendant by defendants from January 2020 to April 2024. (ECF No. 1). During plaintiff's time as an employee, she worked approximately fifty-three hours or more per week during the relevant statutory period beginning on or about February 12, 2023, to April 29, 2024. *Id.* Plaintiff claims she worked three days per week at one location where she was paid approximately $9.75 per hour, and three days per week at a second location where she was compensated only in tips. *Id.* Plaintiff claims that this violated the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and the Nevada Revied Statute. *Id.* Plaintiff also alleges defendants failed to pay her overtime for hours worked over forty, which is also a violation of the FLSA and Nevada Revised Statute. *Id.*

Defendants have moved to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

. . .

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

A. Defendant Ortiz's declaration and supporting documents

Defendants submitted a declaration from defendant Ortiz and supporting documents with its motion to dismiss. (ECF Nos. 5, 15). Defendants argue that the court should consider the

declaration and documents when ruling on the motion.  Generally, courts cannot consider material outside the complaint when ruling on a Rule 12(b)(6) motion.  *Arpin v. Santa Clara Valley Transp. Agency* 261 F.3d 912, 925 (9th Cir. 2001).  Limited exceptions exist, but defendants misstate the law.

Defendants rely on *Knievel v. ESPN*, contending that the evidence attached to their motion should be considered.  393 F.3d 1068, 1076 (9th Cir. 2005).  Their reliance on *Knievel*, however, is misplaced.  There, the Ninth Circuit recognized the "incorporation by reference doctrine" which permits courts to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Id.* (citation omitted).  The incorporation by reference doctrine is not relevant here.  Plaintiff's claim does not "depend[] on the contents of a document" to which defendants have attached in the motion to dismiss.  *Id.*  The only document attached with the motion that is remotely relevant to plaintiff's claims is the independent contractor agreement, but as discussed below, such an agreement is not necessarily dispositive

Defendants also rely on *Parrino v. FHP, Inc.* but again miss the mark.  146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998).  The *Parrino* court stated that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and *upon which the plaintiff's complaint necessarily relies*."  *Id.* (emphasis added).  In *Parrino*, the plaintiff sued his health insurance provider for improperly denying a claim.  *Id.* at 702.  The plaintiff's claims rested on his membership to the defendant's health insurance plan and, thus, it was proper for the district court o consider the documents governing plan membership, coverage, and administration.  *Id.* at 706.

. . .

Here, plaintiff's complaint does not necessarily rely on the documents provided by defendants in their motion. Although at a later stage, evidence of the independent contractor agreement and tax filings may be dispositive, they do not form the necessary basis for plaintiff's claims and are categorically different from the documents considered in both *Knievel* and *Parrino*. Accordingly, the court will not consider defendant Ortiz's declaration and other supporting documents when ruling on the motion to dismiss.

B. <u>Converting the motion to dismiss to summary judgment</u>

Defendants asks the court to convert their motion to dismiss into a motion for summary judgment pursuant to Rule 12(d). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). In that case, all parties must be given reasonable opportunity to present material that is pertinent to the motion. *Id.*

There has been no reasonable opportunity to gather material pertinent to rule on a summary judgment, as demonstrated by the absence of discovery in this case. *Texas Partners v. Conrock Co.,* 685 F.2d 1116, 1119 (9th Cir. 1982) (holding the district court erred when granting summary judgment without affording plaintiffs opportunity to proceed with discovery). Thus, the court denies defendants request to convert the motion to dismiss into a motion for summary judgment.

. . .

. . .

. . .

. . .

. . .

. . .

C. <u>Whether Lead You is an employer under FLSA</u>

Plaintiff alleges violations of both Nevada wage and hour law and the FLSA. For the FLSA to apply to an employer, the enterprise must be one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000…

29 U.S.C. § 203(s)(1)(A).

Defendants argue that they do not qualify as an employer under FLSA because they do not, and have never, done business in excess of $500,000. Defendants provide the declaration of defendant Ortiz (ECF No. 5-1) and copies of Lead You's tax returns in support of this contention. (ECF No. 15). However, as discussed above, these will not be considered when ruling on this motion.

Plaintiff specifically alleges that defendants meet the enterprise coverage threshold. (ECF No. 1 at 4). Courts have considered the enterprise question one of fact that "speaks directly to the merits of [a] plaintiff's claims," and "should be determined on summary judgment or a trial." *Serrano v. Marshal Sunshine, Inc.*, No. 6:13-CV-1977-AA, 2015 WL 1176535, at *2 (D. Or. Mar. 10, 2015).[1] Accordingly, the court denies defendants' motion to dismiss the FLSA claims on these grounds.

D. <u>Whether defendant Ortiz is an employer</u>

Defendants challenge, albeit indirectly through a footnote, plaintiff's claims against

---

[1] While *Serrano* was discussing the enterprise issue in relation to a Rule 12(b)(1) motion to dismiss, the court finds the analysis applicable to Rule 12(b)(6) motions as well. *See also Ginorio v. Kenco Realty Mgmt. Corp.*, No. 22-CV-00650 (CM), 2022 WL 825493, at *1 (S.D.N.Y. Mar. 18, 2022) (after denying Rule 12(b)(1) motion to dismiss based on amount earned by alleged employer, the court stated that "this fact issue cannot be resolved on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) either").

defendant Ortiz.  Defendants claim the complaint provides no allegations regarding Ortiz or any indication as to how he is responsible for plaintiff's claims.

The FLSA's definition of employer incudes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  A corporate officer may be deemed an employer under the FLSA if he or she exercises significant economic control over the employment relationship.  *See Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (extending the definition to individuals who exercise "economic control over the [employment] relationship"); *U.S. Dep't of Lab. v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) (determining that a defendant who held "a significant ownership interest" in the company and exercised "operational control of significant aspects of the corporation's day to day functions" was an employer under the FLSA).

Here, plaintiff has alleged that Ortiz hired and fired workers, set pay and assigned schedules, supervised day-to-day work, and directed workers during meetings.  These allegations plausibly establish that Ortiz exercised sufficient economic control over the employment relationship, making Ortiz an employer under the FLSA.

E.  <u>Employee-employer relationship</u>

A plaintiff must establish the existence of an employee-employer relationship if he is to be successful under both Nevada law and the FLSA.  *Prieur v. D.C.I. Plasma Ctr. of Nevada, Inc.*, 726 P.2d 1372, 1373 (1986).  Defendants claim that plaintiff is an independent contractor rather than an employer and, therefore, they cannot be liable under Nevada law or the FLSA.

However, "the definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'"  *Boucher*, 572 F.3d at 1090 (citing *Lambert v. Ackerley,* 180

F.3d 997, 1011–12 (9th Cir. 1999) (en banc)).  Indeed, "[e]conomic realities, not contractual labels, determine employment status for the remedial purpose of the FLSA." *Real v. Driscoll Strawberry Assoc., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979).

The determination of whether an employer-employee relationship does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Id.* at 1091 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).  The touchstone is the "economic reality" of the relationship.[2]  *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28 (1961).

Plaintiff alleges she was employed by defendants and worked approximately 53 hours or more per week.  (ECF No. 1).  Plaintiff also alleges that she worked 18 hours per week at one location and 35 hours per week at another location while employed by defendants.  (*Id.*).  Defendants allegedly paid her $9.75 per hour for hours worked at one location and did not pay her for her work at the other, where she instead was paid only in tips.  (*Id.*).

Taking plaintiff's allegations together, the economic reality of the relationship between plaintiff and defendant is plausibly one of employee-employer.  Accordingly, because plaintiff's factual allegations are enough to rise above the speculative level and allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct, the claims survive defendants' motion to dismiss.  *Iqbal*, 556 U.S. at 678–79.

. . .

---

[2] The Ninth Circuit has identified "factors which may be useful in distinguishing employees from independent contractors."  *Real*, 603 F.2d at 754.  The factors include:
> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Id.*  Although defendants contend that plaintiff has not satisfied these factors, the court concludes that it is premature to resolve such issues at this stage.  A factor-based analysis is more appropriately addressed on summary judgment, after the parties have conducted discovery and developed a factual record to support their respective positions.

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion dismiss (ECF No. 5) be, and the same hereby is, DENIED.

DATED October 1, 2025.

_____
UNITED STATES DISTRICT JUDGE