Pamela Rosario, NY Bar No. 5036405
CONSUMER JUSTICE LAW FIRM
8095 N. 85th Way
Scottsdale, AZ 85258
T: (718) 874-8526
F: (480) 613-7733
E:prosario@consumerjustice.com

Michael Yancey III, NV #16158
CONSUMER JUSTICE LAW FIRM
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerjustice.com
T: (480) 573-9272
F: (480) 613-7733

*Attorneys for Plaintiff*
*Ana Hernandez*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANA HERNANDEZ, individually and on behalf of all other similarly situated | **Case No. 2:25-cv-00412-JCM-DJA** |
| *Plaintiff,* | **STIPULATION TO STAY DISCOVERY** |
| -against- | |
| LEAD YOU LLC, a Nevada Limited Liability Company, and JOSE ANGEL ORTIZ URENO, as an individual | |
| *Defendant.* | |

Plaintiff, ANA HERNANDEZ ("Plaintiff"), and LEAD YOU LLC, a Nevada Limited Liability Company (hereinafter "CORPORATE DEFENDANT"), and JOSE ANGEL ORTIZ URENO (hereinafter "INDIVIDUAL DEFENDANT"), as an individual, (hereinafter referred to as "Defendants"), (collectively the "parties"), by and through their counsel of record, hereby file this Stipulation to Stay Discovery. This Stipulation is submitted and based upon the following:

1

MAC: 14031-009 (#6212096.2)

1. Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

2. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936).

3. This power has been codified in Rule 26(c) of the Federal Rules of Civil Procedure, pursuant to which "a court has discretion to stay discovery for good cause shown." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *AMC Fabrication, Inc. v. KRD Trucking W., Inc*., 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) (granting stay of discovery pending disposition of motion to dismiss for lack of personal jurisdiction); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (granting stay of discovery pending disposition of Motion to Dismiss for failure to state a claim); *Babin-De-Jesus v. Am. Express Co*., 2016 WL 3563082, at *2 (D. Nev. June 28, 2016) (same).

4. Whether to grant a stay is within the discretion of the court, particularly where, as here, a stay would promote judicial economy and efficiency. *See e.g. Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

5. When deciding whether to grant a stay of discovery, a court is guided by the objectives of FRCP 1 that ensures a "just, speedy, and inexpensive determination of every action. *Little*, 863 F.2d 681, 685 (9th Cir. 1988); *Kor Media Group, LLC v. Green*, 2013 WL 5938679 at *1 (D. Nev. Oct. 29, 2013).

6. The Nevada District Court has established, in accordance with Fed. R. Civ. P. 26(c)(1), that good cause exists where "undue burden or expense" will result from proceeding with discovery.

2

*Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021).

7. In this case, the parties agreed to conduct 90 days of limited discovery ("Threshold Discovery Period") on the threshold issues of: (a) whether LeadYou and/or any individual defendant qualifies as an "employer" under the Fair Labor Standards Act ("FLSA"); (b) whether Plaintiff is an "employee" or "independent contractor;" and (c) whether FLSA enterprise coverage applies, including annual gross volume and interstate commerce.

8. With respect to the Threshold Discovery, the parties seek to conduct the following discovery related to the threshold issues identified above:

   a. Propound up to fifteen (15) requests for production, ten (10) requests for admission, and fifteen (15) interrogatories limited to the threshold issues; and

   b. Plaintiff and Defendants each may conduct one (1) deposition not lasting more than two (2) hours on the limited threshold issues.

   c. Limited discovery conducted in connection the threshold issues shall not count against the parties' respective limits on interrogatories or requests for admission.

9. The Threshold Discovery Period shall commence the next business day following the Court's approval of the Proposed Discovery Plan and this Stipulation.

10. The parties agreed to this limited discovery period to determine, before engaging in broader and more expensive discovery, whether the FLSA was applicable to Plaintiff's claims against Defendants.

11. Defendants may file a targeted motion for summary judgment on the issue of FLSA applicability within 30 days after the close of the Threshold Discovery Period (or within 120 days of the next business day following the Court's approval of the Proposed Discovery Plan and this

3

MAC: 14031-009 (#6212096.2)

Motion). Plaintiffs shall file any opposition within 21 days thereafter. Defendants shall file any reply within 14 days after the filing of the opposition.

12.    At this time, specific calendar dates cannot be provided because of the anticipated motion for summary judgment.  If the Court grants Defendants' Motion for Summary Judgment, no further discovery will be necessary.  However, within 14 days of the Court's decision on the motion for summary judgment, should summary judgment not be entered, the parties will submit an amended discovery plan and scheduling order terminating the limited stay requested herein and setting forth proposed dates for the remainder of discovery and litigation.

13.    Good cause exists for this limited discovery stay because if discovery proceeds without a partial stay, the parties will be forced to incur fees and costs associated with conducting discovery that may prove unnecessary.

14.    This would result in the parties suffering undue burden and expense, such as reviewing and producing documents, conducting depositions, and retaining experts, all of which may be rendered moot by summary judgment on FLSA applicability.

15.    Moreover, granting a partial stay of discovery will promote judicial economy and efficiency, preventing the waste of substantial judicial resources necessary to manage the unnecessary discovery.

16.    The parties are not submitting this Stipulation for the purpose of causing any undue delay; rather, this Stipulation reflects a good faith attempt by the parties to prevent the expenditure of unnecessary resources by the parties and the Court.

17.    Therefore, the parties respectfully request that the Court grant their Stipulation to Stay Discovery.

4

Dated: January 21, 2026

By: */s/Pamela Rosario*
   Pamela Rosario, NY Bar No. 5036405
   CONSUMER JUSTICE LAW FIRM
   8095 N. 85th Way
   Scottsdale, AZ 85258
   T: (718) 874-8526
   F: (480) 613-7733
   E:prosario@consumerjustice.com

   Michael Yancey III, NV #16158
   CONSUMER JUSTICE LAW FIRM
   2300 West Sahara Ave. Suite 800
   Las Vegas, NV 89102
   E: myancey@consumerjustice.com
   T: (480) 573-9272
   F: (480) 613-7733

   *Attorneys for Plaintiff*
   *Ana Hernandez*

By: */s/Jordan Montet*
   Jordan W. Montet, Esq.
   Nevada Bar No. 14743
   MARQUIS AURBACH
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   jmontet@maclaw.com

   Nicholas D. Crosby, Esq.
   Nevada Bar No. 8996
   MARQUIS AURBACH
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   ncrosby@maclaw.com

   cc: kpiet@maclaw.com

   *Attorneys for Defendants*
   *Lead You LLC and Jose Angel Ortiz Ureno*

## ORDER

**IT IS SO ORDERED** this 22nd day of January, 2026.

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

//

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM PLC**
*/s/Pamela Rosario*

6

MAC: 14031-009 (#6212096.2)